Filed 2/10/16  P. v. Jones CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C078284 |
| v. | (Super. Ct. No. 13F3733) |
| BRIAN LAWRENCE JONES, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Brian Lawrence Jones asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.  We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

Defendant pleaded no contest to inflicting corporal injury on a former cohabitant resulting in a traumatic condition (Pen. Code, § 273.5, subd. (a))[1] and assault with a deadly weapon, a knife, by means of force likely to cause great bodily injury (§ 245, subd. (a)(1)). The factual basis for the plea was taken from Shasta County Sheriff's Report No. 13-9592.

In accordance with the negotiated plea, the trial court suspended imposition of sentence and granted defendant three years' formal probation, ordered defendant to serve 180 days in jail with 85 days of presentence custody credit, ordered defendant to pay a $600 restitution fund fine (§ 1202.4), a matching probation revocation fine, stayed upon successful completion of probation (§ 1202.44), and various other additional fines and fees. The trial court also issued a domestic violence protective order. Among the terms and conditions of probation, the trial court ordered defendant to follow the instructions of the probation officer, violate no laws, serve 40 hours in the adult work program, and participate in and successfully complete an approved one-year batterer's program.

On August 5, 2014, the probation officer filed a petition for revocation of probation alleging defendant had failed to report to the probation office as ordered, battered and strangled a female victim, failed to enroll in the batterer's program, and failed to enroll in the adult work program. In November 2014, defendant admitted all of the probation violations.

The trial court revoked probation, sentenced defendant to serve an aggregate term of five years in state prison, and awarded him a total of 449 days of presentence custody credit. The trial court lifted the stay on the previously imposed probation revocation fine and imposed a parole revocation fine of $600 (§ 1202.45, subd. (a)), suspended unless

---

[1]     Undesignated statutory references are to the Penal Code.

parole is revoked. The trial court denied defendant's request for a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

_____/s/_____
HOCH, J.

We concur:

_____/s/_____
ROBIE, Acting P. J.

_____/s/_____
BUTZ, J.

3